Filed 4/2/24  P. v. Thomas CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>AHMAD DEREK THOMAS,<br><br>    Defendant and Appellant. | B330403<br><br>(Los Angeles County<br>Super. Ct. No. A963974)) |

APPEAL from an order of the Superior Court of Los Angeles County, Shelly Torrealba, Judge.  Affirmed.

Ralph H. Goldsen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Ahmad Derek Thomas appeals from a postjudgment order summarily denying his petition for resentencing under Penal Code section 1172.6.[1]  No arguable issues have been identified by Thomas's appointed appellate counsel following his review of the record or by Thomas in his supplemental letter brief to this court. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

A.    *The Murders and the Information*

As this court explained in *People v. Thomas* (Oct. 8, 1991, B043359) (nonpub. opn.), Thomas confessed to the murders of two of his neighbors, Ona Paul and Josie Jones, and at trial Thomas's counsel conceded that Thomas committed the murders but argued the murders were second degree, not first degree.[2]

According to the evidence presented at trial, on the evening of July 28, 1987 Paul was home alone eating dinner when Thomas knocked on his door, and Paul let him in.  Thomas took a two-pronged barbeque fork and stabbed Paul to death.  Paul customarily carried a large amount of cash in his wallet. Following the killing, no money was found in Paul's wallet at the scene of the crime.

---

[1]    Further statutory references are to the Penal Code.

[2]    We provide a brief recitation of the facts from the trial as background and do not rely on the facts for purposes of this appeal.  (See *People v. Lee* (2023) 95 Cal.App.5th 1164, 1183 ["the factual summary . . . may not be used to determine a petitioner's eligibility at the prima facie stage"]; *People v. Bratton* (2023) 95 Cal.App.5th 1100, 1113 [same].)

On February 4, 1988 Thomas knocked on Jones's door. Jones let him in, and Thomas stabbed Jones to death with a pair of scissors. Jones kept a cloth purse containing money tucked into her bra, secured with a safety pin. After the killing, the cloth purse was missing, but a safety pin was found near her body.

In April 1988 an information charged Thomas with seven felony counts relating to three incidents. Thomas was the only defendant. As to the killing of Paul and Jones, the information charged Thomas with two counts of willful, deliberate, and premeditated murder (§ 187; counts 1 & 4) with a special circumstance allegation that the murders occurred while Thomas was engaged in a robbery or burglary (§ 190.2, subd. (a)(17)). The information further alleged a multiple-murder special circumstance (§ 190.2, subd. (a)(3)). Also with respect to Paul and Jones, the information charged Thomas with two counts of residential robbery (§ 211; counts 2 & 5) and two counts of residential burglary (§ 459; counts 3 & 6). As to counts one through five, the information alleged Thomas personally used a deadly and dangerous weapon (a "stabbing instrument"), within the meaning of section 12022, subdivision (b). The information also charged Thomas with residential burglary (§ 459; count 7) involving a third victim, Marie Card.

B.  *The Jury Instructions*

The trial court instructed the jury on murder (CALJIC No. 8.10 (5th ed. 1988)),[3] malice aforethought (CALJIC No. 8.11),

---

[3]     All references to the CALJIC instructions are to the 1988 edition.

willful, deliberate, and premeditated murder (CALJIC No 8.20), and a modified instruction on first degree felony murder (CALJIC No. 8.21).[4]  The court did not instruct the jury on aiding and abetting principles or the natural and probable consequences doctrine.  CALJIC No. 8.10 stated, "Every person who unlawfully kills a [human being] [with malice aforethought] [or] [during the commission or attempted commission of robbery or burglary] is guilty of the crime of a murder in violation of Section 187 of the Penal Code."  CALJIC No. 8.20 stated, "All murder which is perpetrated by any kind of willful[], deliberate and premeditated killing with express malice aforethought is murder in the first degree."  CALJIC No. 8.20 explained the difference between implied and express malice.

The modified CALJIC No. 8.21 instruction on felony murder stated, "The unlawful killing of a human being, whether intentional, unintentional, or accidental, which occurs during the commission of burglary is murder of the first degree when one of the intents of the perpetrator is to enter a residence with the specific intent to steal and take away the property of another. [¶] . . . [¶]  The unlawful killing of a human being, whether intentional, unintentional, or accidental, which occurs during the commission of robbery is murder of the first degree when the perpetrator has the specific intent to commit such crime.  [¶] However, this does not apply if the robbery is merely incidental to the murder.  The robbery is incidental to the murder where, at the time of the murder, the defendant's sole criminal intent is to kill and not to steal."

---

[4]     The trial court also instructed on second degree murder and manslaughter.

The trial court also instructed the jury on the special circumstance allegations (CALJIC No. 8.80), the multiple-murder special circumstance allegation (CALJIC No. 8.81.2), and a modified instruction on murder in the commission of robbery or burglary (CALJIC No. 8.81.17). CALJIC No. 8.80 stated in part, "If you find [the] defendant in this case guilty of murder of the first degree, you must then determine if [one or more of] the following special circumstance[s] [are] true or not true: murder in the commission of robbery, murder in the commission of burglary and multiple murder." The modified CALJIC No. 8.81.17 instructed that to find a defendant guilty of murder in commission of a robbery, the jury must find: "1. The murder was committed while [the] defendant was engaged in the [commission] of a robbery. [¶] 2. The murder was committed in order to carry out or advance the commission of the crime of robbery . . . . The special circumstance referred to in these instructions is not established if the robbery was merely incidental to the commission of the murder. In other words, where the defendant's criminal intent is not to steal but to kill, the robbery is merely incidental to the murder." CALJIC No. 8.81.17 for murder in commission of a burglary stated, in part, that "1. The murder was committed when the defendant was engaged in the commission of a burglary; [¶] . . . [¶] 3. The murder was committed in order to carry out or advance the commission of the crime of burglary . . . . In other words, the special circumstance referred to in these instructions is not established if the burglary was merely incidental to the commission of the murder."

The trial court instructed the jury with CALJIC No. 17.16 that to find true the allegation of the personal use of a deadly or dangerous weapon the jury had to find the "defendant personally used a deadly or dangerous weapon in the commission of" the crimes. The instruction defined the term "'used a deadly or dangerous weapon'" to mean "to display such a weapon in a[n intentionally] menacing manner or intentionally to strike or hit a human being with it."

C.     *The Convictions, Sentencing, and Petition for Resentencing*

During the jury trial, Thomas pleaded guilty to the residential burglary of Card. In May 1989 a jury convicted Thomas on both murder counts and the residential robbery count as to Jones, and it found true that in the commission and attempted commission of the crimes, Thomas "personally used a deadly and dangerous weapon, to wit, a stabbing instrument." The jury also found true the special circumstances that Thomas murdered Jones while engaged in the commission of a robbery and Thomas committed "at least one crime of murder in the first degree and another crime of murder in the first or second degree." The trial court sentenced Thomas to an aggregate term of 31 years to life. We affirmed Thomas's convictions on appeal. (*People v. Thomas, supra,* B043359.)

On March 14, 2022 Thomas filed a form petition for resentencing pursuant to former section 1170.95 (now section 1172.6). He checked all of the boxes on the form indicating his eligibility for relief, including the box requesting appointment of counsel. The superior court appointed counsel. The People opposed the petition and attached our opinion from the direct appeal, a copy of the jury instructions that were given,

6

and the sentencing hearing transcript.  The People argued that "[w]ithout weighing conflicting evidence or making credibility determinations, the record of conviction irrefutably established as a matter of law that the jury determined Petitioner was the actual killer."  Thomas filed a reply brief arguing the People improperly relied on our opinion from the direct appeal "to bolster their assertion of ineligibility," the jury instruction for personal use of a dangerous or deadly weapon (CALJIC No. 17.16) "did not automatically equate "'use' with 'use it to kill someone,'" and the destruction of the trial transcripts prohibited the superior court from concluding Thomas was ineligible for relief as a matter of law.

On May 8, 2023, following a hearing, the superior court denied Thomas's petition.  The court considered the parties' briefs, oral argument, the record of conviction (including the jury instructions), the abstracts of judgment, and the sentencing transcript.  The court concluded, "Although petitioner/defendant's jury was instructed on felony murder, he was the actual killer and the sole participant in both murders."  The court observed that the jury had not been instructed on the natural and probable consequences doctrine and the jury's finding that Thomas "personally used a stabbing instrument and was the sole participant in both murders" established Thomas was the actual killer.[5]  Thomas timely appealed.

---

[5]     The record does not reflect a specific jury finding that Thomas was the sole participant in the murders or the actual killer, although the trial court may have assumed this based on the jury instructions and verdict forms.

7

We appointed counsel to represent Thomas in this appeal. After a review of the record, Thomas's appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) stating he did not identify any arguable issues and advised Thomas he could submit a supplemental brief identifying contentions this court should consider. On January 2, 2024 Thomas filed a timely supplemental brief.

## DISCUSSION

A.  *Senate Bill 1437 and Section 1172.6*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder and significantly limited the scope of the felony-murder rule. (*People v. Strong* (2022) 13 Cal.5th 698, 707-708; *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*); *People v. Gentile* (2020) 10 Cal.5th 830, 842-843, 847-848; see *People v. Reyes* (2023) 14 Cal.5th 981, 984.) Section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder, except under the revised felony-murder rule as set forth in section 189, subdivision (e). (*Reyes*, at p. 986; *Gentile*, at pp. 842-843.) Section 189, subdivision (e), now requires the People to prove specific facts relating to the defendant's individual culpability: The defendant was the actual killer (§ 189, subd. (e)(1)); although not the actual killer, the defendant, with the intent to kill, assisted in the commission of murder in the first degree (§ 189, subd. (e)(2)); or the defendant was a major participant in an underlying felony listed in section 189, subdivision (a), and acted with reckless indifference to human life

8

as described in section 190.2, subdivision (d) (the felony-murder special circumstance provision) (§ 189, subd. (e)(3)).  (See *Strong*, at p. 708.)

Senate Bill 1437 also provided a procedure in section 1170.95, now codified in section 1172.6, for an individual convicted of felony murder or murder under the natural and probable consequences theory to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if the individual could not have been convicted of murder under Senate Bill 1437's changes to sections 188 and 189. (*Lewis, supra*, 11 Cal.5th at p. 959; *People v. Gentile, supra*, 10 Cal.5th at p. 847.)

If the section 1172.6 petition contains all the required information, including a declaration by the petitioner that he or she is eligible for relief based on the requirements of subdivision (a), the sentencing court must appoint counsel to represent the petitioner upon his or her request pursuant to section 1172.6, subdivision (b)(3).  Further, upon the filing of a facially sufficient petition, the court must determine whether the petitioner has made a prima facie showing of entitlement to relief.  (See § 1172.6, subd. (c).)  Where a petitioner makes the requisite prima facie showing the petitioner falls within the provisions of section 1172.6 and is entitled to relief, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction and resentence the petitioner on any remaining counts.  (§ 1172.6, subds. (c) & (d)(1).)

B.    *Thomas Is Ineligible for Relief as a Matter of Law*

In his supplemental brief Thomas contends the superior court engaged in inadmissible factfinding in reaching its conclusion that he was ineligible for relief as a matter of law. Thomas also argues that because the trial transcripts have been destroyed, the People cannot meet their burden to show he is ineligible for sentencing relief as the actual killer, and the superior court should not have excluded the possibility that the prosecutor did not rely on a now-invalid theory of imputed malice based on the limited record of conviction.

Although the People's opposition attached and referenced the facts set forth in our opinion from the direct appeal, the record does not support Thomas's contention that the superior court improperly relied on our opinion or otherwise engaged in impermissible factfinding at the prima facie review stage.  The superior court may rely on the record of conviction in determining whether a petitioner has stated a prima facie case for relief. (*Lewis, supra,* 11 Cal.5th at pp. 970-971.)  Here, the documents identified by the superior court in reaching its decision, including the jury instructions and verdict forms, are part of the record of conviction and properly considered at the prima facie review stage.  (*People v. Jenkins* (2021) 70 Cal.App.5th 924, 935 [record of conviction includes "the charging document, verdict forms, closing arguments, and jury instructions"].)

Nor does the absence of trial transcripts preclude a finding that Thomas is ineligible for relief as a matter of law.  A review of the jury instructions and verdict forms shows that the jury must have found Thomas was the sole participant and actual killer. (*Delgadillo, supra,* 14 Cal.5th at p. 233 [no relief available under section 1172.6 when "the record . . . makes clear that [the

10

defendant] was the actual killer and the only participant in the killing"]; *Lewis, supra,* 11 Cal.5th at p. 967 [section 1172.6 "'ensure[s] that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life'"]; *People v. Harden* (2022) 81 Cal.App.5th 45, 47 (*Harden*) [affirming summary denial of section 1172.6 resentencing petition where "the jury instructions and verdicts *conclusively* establish—with no factfinding, weighing of evidence, or credibility determinations—that in 2001 Harden was convicted as the actual killer"].)

The trial court instructed on malice murder (CALJIC Nos. 8.10, 8.11, and 8.20) and felony murder (CALJIC No. 8.21), but there were no instructions on aider and abettor liability or the natural and probable consequences doctrine. (See *Harden, supra*, 81 Cal.App.5th at p. 53 [where the defendant's jury "was instructed on felony murder, but not on the natural and probable consequences doctrine," the "only possible basis for section [1172.6] relief is if at least one juror convicted her of felony murder on a theory other than being the actual killer"].)

Further, the malice murder instruction (CALJIC No. 8.10) stated that "[e]very person who unlawfully kills a [human being] [with malice aforethought] . . . is guilty of the crime of murder." "'This language on its face tells the jury that "the person who unlawfully kills" is guilty of murder. In common understanding, this would refer to the person who inflicted the fatal injury.'" (*Harden, supra,* 81 Cal.App.5th at p. 55.) In other words, "the person who inflicted the fatal injury" is the actual killer. Notably, as to felony murder, the trial court did not give CALJIC No. 8.27, which instructs on vicarious liability that "[i]f a human

11

being is killed by any one of several persons engaged in the commission or attempted commission of the crime of [robbery or burglary], all persons, who either directly and actively commit the act constituting that crime, or who with knowledge of the unlawful purpose of the perpetrator of the crime and with the intent or purpose of committing, encouraging, or facilitating the commission of the offense, aid, promote, encourage, or instigate by act or advice its commission, are guilty of murder of the first degree, whether the killing is intentional, unintentional, or accidental."  Because the trial court did not give CALJIC No. 8.27 and only instructed on the felony murder rule "as a rule of *strict liability* and of *degree-fixing*," the jury instructions "indicated that to be guilty of murder at all, [the] defendant had to be the actual killer."  (*People v. Bratton* (2023) 95 Cal.App.5th 1100, 1123.)

The special circumstance instructions similarly omitted any reference to liability based on a theory other than that Thomas was the actual killer.  The introductory instruction for the special circumstances instruction (CALJIC No. 8.80) did not include the third paragraph from the form instruction, which the Use Note explained "should be given with respect to all special circumstances . . . where there is evidence that the defendant is an aider and abetter rather than the actual killer."[6]  Similarly,

---

[6]     The third paragraph of the CALJIC No. 8.80 form instruction read, "[If you find beyond a reasonable doubt that the defendant was [a co-conspirator] [or] [an aider or abetter] [either [the actual killer] [a coconspirator or an aider or abetter, but you are unable to decide which], then you must also find beyond a reasonable doubt that the defendant intended either to kill a human being or to aid another in the killing of a human being in order to find the special circumstance to be true.]  [On the other

12

the Use Note for the instruction on the special circumstance involving murder during the commission of a robbery or burglary (CALJIC No. 8.81.17) explained, "If the defendant was an accomplice or an aider and abettor, the fourth paragraph of CALJIC No. 8.80 must be given." The trial court did not include in its instruction the fourth paragraph of CALJIC No. 8.80.[7] Taking the instructions together, the jury could only have found Thomas guilty of the murders as the actual killer.

No cognizable legal issues have been raised by Thomas's appellate counsel or by Thomas. Further, we have independently reviewed the record and are satisfied no arguable issue exists. The order denying the section 1172.6 petition must be affirmed. (See *Delgadillo, supra,* 14 Cal.5th at pp.231-232; see generally *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

---

hand, if you find beyond a reasonable doubt that the defendant was the actual killer, you need not find that the defendant intended to kill a human being in order to find the special circumstance to be true.]"

[7] The fourth paragraph of the CALJIC No. 8.80 form instruction read, "[You must decide separately [as to each of the defendants] the existence or nonexistence of each special circumstance alleged in this case. If you cannot agree as to all the defendants, but can agree as to one [or more of them], you make your finding as to the one [or more] upon which you do agree."

## DISPOSITION

The postjudgment order denying Thomas's petition is affirmed.

FEUER, J.

We concur:

SEGAL, Acting P. J.

MARTINEZ, J.

14